IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| UNITED STATES OF AMERICA | PLAINTIFF |
|---|---|
| v. 4:07CR00349-01-BRW | |
| DELUSTA BROWN | DEFENDANT |

### ORDER

Pending is Defendant's *pro se* Motion to Return Property Pursuant to Fed. R. Crim. P. 41(g) (Doc. No. 29). The Government has responded.[1] For the reasons below, Defendant's Motion is DENIED.

Defendant is currently serving 120 months in the Bureau of Prisons after pleading guilty to being a felon in possession of a firearm.[2] Defendant seeks the return of $508.00 seized by Little Rock Police Officer Ryan Hudson during the execution of a state search warrant at Defendant's home on July 26, 2007. He contends that he is entitled to the money under Federal Rule of Criminal Procedure 41(g) because the money was never placed under forfeiture.

Federal Bureau of Investigation ("FBI") Special Agent Steven Crutchfield explained that "[w]hen [this] case was adopted by the Federal Bureau of Investigation for prosecution in federal court, federal agents never took custody of the money seized from Mr. Brown."[3] Agent Crutchfield checked with the FBI property room to confirm that federal agents never took custody of the money.[4] Agent Crutchfield was informed that the $508.00 was in the possession

---

[1] Doc. No. 30.

[2] Doc. Nos. 20, 27, 28.

[3] Doc. No. 30-1.

[4] *Id.*

1

of the Little Rock Police Department until May 29, 2008, when the $508.00 was turned over to the Pulaski County Prosecuting Attorney's Office, presumably for forfeiture.[5]

Rule 41 of the Federal Rules of Criminal Procedure reads, in relevant part:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.[6]

"Rule 41 jurisdiction in federal court reaches only so far as state searches with direct federal authorization."[7] If the Government did not authorize the search or seize the property, the Government did not possess or control the property seized.[8] The Government cannot return property it never possessed.[9] The Government was never in possession or control of the $508.00 that Defendant seeks to recover. Accordingly, Defendant's Motion is DENIED.

IT IS SO ORDERED this 21st day of September, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[5]*Id.*

[6]Fed. R. Crim. P. 41(g).

[7]*Ball v. United States*, 193 F.3d 998, 999 (8th Cir. 1999) (citing *United States v. Huffhines*, 986 F.2d 306 (9th Cir. 1993)).

[8]See *United States v. Huffhines*, 986 F.2d 306, 308 (9th Cir. 1993) (citing, among others, *United States v. Wright*, 610 F.2d 930 (D.C. Cir. 1979) (where district court issued warrant, but property was seized and held by metropolitan police "as agents subject to the order of the United States Courts," district court had jurisdiction) and *United States v. Lowrie*, 824 F.2d 827 (10th Cir. 1987) (an order that FBI return to defendant documents seized by state officers could not stand because FBI neither possessed nor had control over the documents).

[9]See *United States v. White*, 718 F.2d 260, 261 (8th Cir. 1983).